# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: CENTRAL GROCERS, INC., et al., | District Court Case No. 17-cv-05808 |
| Debtors. | Judge Robert M. Dow, Jr. |
| THE CHICAGO AREA I.B. OF T. PENSION FUND and THE LOCAL 703, I.B. OF T. PENSION FUND, | On appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division |
| Appellants, | Bankr. Case No. 17-13886 |
| v. | Judge Pamela S. Hollis |
| CENTRAL GROCERS, INC., et al., | |
| Appellees. | |

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Bankruptcy Case No. 17-13886. Currently pending before the Court is the joint motion [20] to dismiss the appeal as moot filed by Appellees Central Grocers, Inc., its debtor affiliates in the above-captioned case (collectively, the "Debtors"), and Supervalu Holdings, Inc. ("Supervalu"). For the reasons set forth below, the motion [20] is granted.

**I.    Background**

Debtors operated businesses in the wholesale and retail food industry. [26, at 3.] Debtor Central Grocers, Inc. ("CGI") is the largest food cooperative and distributer in the Chicagoland area. CGI is the direct or indirect corporate parent of other Debtors, including Strack and Van Til Super Market, Inc. ("Strack") and CGI Joliet, LLC ("CGI Joliet"). *Id.* Appellants are multi-employer pension funds that provide retirement, disability, and death benefits to participants of the funds employed by one of the Debtors at a distribution center in Joliet, Illinois. *Id.*

Appellants are creditors of certain Debtors with an unsecured claim of over $5 million. The majority of Appellants' unsecured claim arises as a result of "withdrawal liability" under the federal Employee Retirement Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980. 29 U.S.C. §§ 1001-1461. *Id*. at 3-4.

On May 2, 2017, an involuntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code was filed against Debtors in the Northern District of Illinois. [Case No. 17-13886, ECF No. 1.] On May 4, 2017, each of the Debtors filed for bankruptcy under Chapter 11 of the Bankruptcy Code in the District of Delaware.

After filing for bankruptcy, Debtors sought to sell substantially all of their assets pursuant to 11 U.S.C. § 363(b)(1) and filed a motion seeking approval of competitive bidding procedures to govern the process. [Case No. 17-10993, ECF No. 135.] Debtors sought to sell their assets free and clear of all liens, claims, interests, and encumbrances—including successor liability claims—pursuant to Section 363(f) of the Bankruptcy Code. *Id*. at 36-37. Appellants filed objections to the proposed terms of the sale that—according to Appellants—would extinguish Appellants' ability to bring future claims based on successor and withdrawal liability. [Case No. 17-10993, ECF No. 145.] Over Appellants' objections, the Delaware bankruptcy court granted the Debtors' motion and approved the bidding procedures for the sale of Debtors' assets. [Case No. 17-10993, ECF No. 338.]

On June 13, 2017, Judge Hollis entered an order establishing the United States Bankruptcy Court, Northern District of Illinois as the proper forum for the Debtors' Chapter 11 cases. [Case No. 17-13886, ECF No. 88.] Shortly before, Supervalu had successfully bid on Debtor CGI Joliet's distribution center in Joliet, Illinois. [26, at 5-6.] Debtors filed a motion seeking—among other things—an entry of an order authorizing and approving the sale of assets

(including the Joliet distribution center) free and clear of all liens, claims, interests, and encumbrances, which the bankruptcy court granted. [Case No. 17-13886, ECF No. 439.]

Appellants appealed, asking that certain provisions of the sale order be stricken to bring the sale order in conformity with the law concerning the application of the withdrawal liability provisions of ERISA. Specifically, Appellants seek to preserve the right to proceed on claims against Supervalu, as a successor to CGI Joliet, outside of the bankruptcy court proceedings in accordance with ERISA withdrawal liability rules and procedures. Appellants did not move for a stay of the sale of the Joliet distribution center pending appeal. On September 14, 2017, the sale closed, and Debtors distributed the proceeds of the sale to secured lenders.

## II. Discussion

Appellees argue that this bankruptcy appeal should be dismissed as moot because (i) Appellants never sought or obtained a stay of the sale pending appeal, and the sale was consummated on September 14, 2017, and (ii) allowing Appellants to pursue this appeal, with the sole objective of asserting their successor liability claims against Buyer, would effectively reverse the Sale Order and destroy the value created through the Debtors' competitive sale process, to the detriment of the Debtors' estates and creditors. In support of this argument, Appellees cite 11 U.S.C. § 363(m), which states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

The Seventh Circuit has recognized that § 363(m) serves the "central purpose of bankruptcy" which "is to maximize creditor recovery." *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004). "Because 'purchasers are likely to demand a steep discount' when

3

purchasing a bankruptcy debtor's property if the sale can later be disturbed, Congress has decided that bankruptcy sales are usually final." *In re River W. Plaza-Chicago, LLC*, 664 F.3d 668, 671 (7th Cir. 2011).

Given the statutory guarantee of finality that § 363(m) provides, the Seventh Circuit has "repeatedly held that when a party challenges the bankruptcy court's order approving the sale of estate property to a good faith purchaser, it must obtain a stay of that order pending appeal, lest the sale proceed and the appeal become moot." *In re CGI Indus.*, 27 F.3d 296, 299 (7th Cir. 1994) (collecting cases). "A case must be declared moot where 'there is no possible relief which the court could order that would benefit the party seeking it.'" *In re River W. Plaza-Chicago, LLC*, 664 F.3d 668, 671 (7th Cir. 2011) (citing *In re Envirodyne Indus.*, 29 F.3d 301, 303 (7th Cir. 1994)).

Appellants argue that "[b]ankruptcy courts are not authorized in the name of equity to make wholesale substitutions of underlying law controlling the validity of a creditors' entitlements, but are limited to what the bankruptcy code itself provides." [26, at 9 (citing *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 25 (2000)).]. Thus, according to Appellants, ERISA and its applicable regulations and case law control the rights and abilities of the funds to pursue successor withdraw liability. *Id.* at 8-12. However, none of the cases cited by Appellants addresses the threshold issue raised in the motion to dismiss pending before this Court—namely, whether this Court has authority to modify on appeal the bankruptcy court's order approving the sale of property to a good faith purchaser that was not stayed pending appeal.[1]

---

[1] Appellants cite a number of Seventh Circuit cases discussing the application of ERISA in cases against successors in interest to bankruptcy debtors. [26, at 10-12.] However, none of these cases involves a direct challenge to a bankruptcy court order authorizing a sale of assets pursuant to Section 363. These cases therefore are irrelevant to the issue presently before the Court. Furthermore, only one of these cases involves a successor liability claim brought after a sale made free and clear of all liens, claims, interests, and encumbrances pursuant to Section 363(f), and that case indicates that the successorship doctrine relied upon by Appellants does not apply when the plaintiff had an opportunity to participate in the bankruptcy case. *Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 163 (7th

Appellants do not argue that Supervalu was not a good faith purchaser. [26, at 2.] Instead, Appellants argue that Supervalu "should bear the consequences of its premature closing" because it "knew of the legal challenge to the provision of the Sale Order negating any withdrawal liability and of the pendency of this appeal." [26, at 15.] This argument ignores the plain language of 11 U.S.C. § 363(m), which provides that a stay is required "whether or not [the buyer] knew of the pendency of the appeal." Appellants also argue that they are not barred from pursing their appeal because they seek to invalidate one provision of the sale order, as opposed to the entire sale order. Again, this argument ignores the plain language of Section 363(m), which applies to any "reversal or *modification* on appeal of an authorization under subsection (b) or (c)[.]" 11 U.S.C. § 363(m) (emphasis added). Given the plain language of Section 363(m), Appellants' appeal is moot.

This conclusion is supported by extensive Seventh Circuit case law, which establishes that an appeal seeking to reverse or modify an order authorizing the sale of assets under Section 363(b) is moot if the appellant fails to obtain a stay of the sale pending appeal. See *Hower v. Molding Sys. Eng'g Corp.*, 445 F.3d 935, 938 (7th Cir. 2006) ("In the absence of a stay pending appeal, the good-faith sale of a debtor's assets is final."); *In re Vlasek*, 325 F.3d 955, 961 (7th Cir. 2003) ("Thus, 'this Court and others have repeatedly held that an appeal of a bankruptcy sale is moot if the stay required by § 363(m) is not obtained.'" (quoting *In re Sax*, 796 F.2d 994, 998 (7th Cir. 1986)); *In re River W. Plaza-Chicago, LLC*, 664 F.3d 668, 671 (7th Cir. 2011) ("Given the statutory guarantee of finality that § 363(m) provides, 'we have

---

Cir. 1994) ("Had [plaintiffs] been parties to the bankruptcy proceeding, they would have had no possible basis for a suit against [defendant]. But that is not because the bankruptcy court could and would enjoin such a suit; it is because the successorship doctrine on which they rely is inapplicable if the plaintiff had a chance to obtain a legal remedy against the predecessor, even so limited a remedy as that afforded by the filing of a claim in bankruptcy." (citation omitted)). However, because the appeal is moot, the Court need not—and should not—reach the merits of the arguments raised in the appeal.

repeatedly held that when a party challenges the bankruptcy court's order approving the sale of estate property to a good faith purchaser, it must obtain a stay of that order pending appeal, lest the sale proceed and the appeal become moot.'" (quoting *In re CGI Indus.*, 27 F.3d 296, 299 (7th Cir. 1994)). Appellants do not address any of these Seventh Circuit cases.

Appellants attempt to distinguish a couple of the district court cases relied upon by Appellees, but fail to do so in any meaningful way. Appellants argue that *In re Kmart Corp.*, 2003 WL 1956149, at *1 (N.D. Ill. Apr. 23, 2003), is distinguishable from this case because the appellants in that case did not challenge the bankruptcy court's authority. [26, at 13.] This argument is factually incorrect, as the appellants in *Kmart* did challenge whether the bankruptcy court acted within its authority. 2003 WL 1956149, at *3 (N.D. Ill. Apr. 23, 2003) ("Ramco nonetheless asserts that it is not challenging the sale and assignment of the lease to the Assignee, but rather is questioning the Bankruptcy Court's authority to excise the go-dark provision in the lease."). The district court did not address that argument, however, but instead concluded that the appeal was moot pursuant to Section 363(m). *Id*. at *5. Furthermore, Section 363(m) does not provide any basis for challenging the authority of the bankruptcy court. *In re Sax*, 796 F.2d 994, 997 (7th Cir. 1986) (finding appeal moot where no stay was entered pending appeal that alleged that bankruptcy court improperly authorized the sale of property that was not even part of the bankruptcy estate). A challenge to the good-faith status of the purchaser is "the sole ground § 363(m) provides for modifying the terms of a sale completed in the absence of a stay." *In re River W. Plaza-Chicago, LLC*, 664 F.3d 668, 672 (7th Cir. 2011) (citations omitted); see also *In re Gucci*, 105 F.3d 837, 839 (2d Cir.1997) ("Our appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." (citations omitted)).

Appellants also argue that *In re Normco, Inc.*, 1997 WL 695722, at *2 (N.D. Ill. Oct. 31, 1997), is distinguishable from this case because the appellees in that case did not file a motion to dismiss. [26, at 14.] Rather, the issue of mootness was addressed in the court's order ruling on the appeal. *Id*. Still, the court concluded that "the appellants' failure to stay the sale render[ed] the appeal moot." *Id*. at 4. Although the court addressed whether the purchaser was a good-faith purchaser, Appellants here have not such an argument.[2]

As discussed above, the plain language of Section 363(m) and the related Seventh Circuit cases are clear: Because Appellants failed to obtain a stay of the challenged sale, their appeal is moot. Accordingly, Appellees' joint motion [20] to dismiss the appeal as moot is granted.

**IV. Conclusion**

For the foregoing reasons, Appellees joint motion [20] to dismiss the appeal as moot is granted.

Dated: June 25, 2018

Robert M. Dow, Jr.
United States District Judge

---

[2] In *Normco*, the court also addressed whether the bankruptcy court properly ruled that a $400,000 supersedeas bond was required to stay the challenged sale pending appeal. 1997 WL 695722, at *1. In this case, there is no indication that Appellants sought a stay but were denied. Thus, the Court need not address whether a district court has authority to review an order authorizing a sale under Section 363 when a stay was improperly denied.

7